UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION ND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL A. CARNACCHI,<br><br>　　　　Defendant. | Case No: C 09-5366 SBA<br><br>**ORDER REMANDING ACTION** |

　　　On July 30, 2009, Plaintiff US Bank National Association ND filed a breach of contract action against Defendant Michael A. Carnacchi in the Sonoma County Superior Court.  Plaintiff seeks damages in the amount of $16,272.09 based on Defendant's alleged failure to comply with the terms of a credit agreement.  On November 13, 2009, Defendant, acting pro se, filed a Notice of Removal and an Application to Proceed In Forma Pauperis ("IFP").  Though no federal claims are alleged in the Complaint, Defendant removed the action on the ground that Plaintiff's actions allegedly violate federal law.

　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

1 | Here, Plaintiff's claim is for breach of contract and is based entirely on state law.  No
2 | federal claims are alleged.  Although Defendant purports to raise *defenses* predicated on federal
3 | law, it is well settled that a complaint that is based entirely on state law is not removable by virtue
4 | of anticipated federal defenses to the pleadings.  Schwarzer, Tashima & Wagstaffe, <u>Federal Civ. P.
5 | Before Trial</u>, § 1.121 at 2B-50 (TRG 2008).  Since Plaintiff's complaint sounds only in state law,
6 | and there appears to be no plausible basis for removal, the Court shall remand the action.
7 | Accordingly,

8 | IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is
9 | REMANDED to the Sonoma County Superior Court.  Defendant's application to proceed IFP is
10 | DENIED AS MOOT.  The Clerk shall close the file and terminate all pending matters.

11 | IT IS SO ORDERED.

12 | Dated: November 18, 2009

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

US VANK NATIONAL ASSOCIATION ND,

        Plaintiff,

  v.

MICHAEL A CARNACCHI et al,

        Defendant.
                                               /

Case Number: CV09-05366 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael A. Carnacchi
227 North Main Street
Sebastopol, CA 95472

Dated: November 19, 2009

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk